UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM A. ARMS

v.                                                                                                                    C.A. NO. 10-400 S

US MARSHALS ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff William A. Arms, *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 2). Plaintiff, who is incarcerated at the Donald W. Wyatt Detention Facility ("Wyatt") in Central Falls, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") pursuant to 42 U.S.C. § 1983 ("§ 1983") against the United States Marshals, Warden Tapley, and two unnamed Wyatt medical staff members (Docket # 1). Plaintiff alleges defendants violated his constitutional rights by failing to provide him adequate medical care. This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and plaintiff's motion to proceed *in forma pauperis* be DENIED.

DISCUSSION

I.     Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines, *inter alia*, that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Fridman v. City of N.Y.*, 195 F.Supp.2d 534, 538 (S.D.N.Y. 2002). In order to survive a Rule

12(b)(6) motion a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, *see Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009), and review pleadings of a *pro se* plaintiff liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). However, the Court need not credit bald assertions or unverifiable conclusions. *See Iqbal*, 129 S.Ct. at 1949.

## II.     Failure to Allege Sufficient Facts

Here, Plaintiff simply claims that (i) he has attempted to get Wyatt and the U. S. Marshals to provide him with appropriate care and medicine for nearly a year, including filing grievances with no response, and (ii) some of the medicine they gave him made him sick while other medicine did nothing. Cmpt. at p. 3.

The Eighth Amendment guarantees that prisoners are not subject to cruel and unusual punishment and prohibits prison officials from "deliberate indifference" to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); *Estelle*, 429 U.S. at 103-04. However, to establish a prison official's deliberate indifference to a prisoner's medical needs, the prisoner must demonstrate both objective and subjective elements. First, the prisoner must demonstrate that his medical needs are objectively serious, involving a substantial risk of serious harm if not properly treated. *See Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990). Second, the prisoner must establish that the official had subjective awareness of the inmate's need and consciously disregarded a substantial risk of serious harm. *See Farmer*, 511 U.S. at 837.

Here, the facts alleged by Plaintiff are insufficient to establish either the objective or subjective elements of an Eighth Amendment claim. First, Plaintiff does not describe any medical condition or symptoms, and thus clearly does not allege that he is suffering from an objectively serious medical problem involving a substantial risk of serious harm if not treated. Likewise, Plaintiff does not indicate that any particular prison official consciously disregarded a substantial risk of serious harm to Plaintiff. Although Plaintiff apparently disagrees with the course of treatment he is receiving at Wyatt, a prisoner has no constitutional right to choose his doctor or his course of treatment. *See Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Neither disagreements by the plaintiff with

his doctor nor even differences in viable medical opinions between doctors over the proper course of treatment rise to the level of a claim cognizable under the Eighth Amendment. *See Feeney v. Correctional Medical Services, Inc.*, 464 F.3d 158, 162 (1st Cir. 2006). Rather, the prisoner must show that the course of treatment the doctors chose was "'so inadequate as to shock the conscience.'" *Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991)(internal citation omitted); *see also Horstkotte v. N.H. Dept. of Corrections*, No. 08-61, 2008 WL 4372860, at *7 (D.N.H. Sept. 16, 2008)(even if plaintiff prefers more aggressive treatment, if he is receiving "adequate medical care," his Eighth Amendment rights are not being violated). Here, Plaintiff alleges no facts suggesting that the treatment he is receiving "shock[s] the conscience." *Torraco*, 923 F.2d at 234.

Plaintiff's allegations that he (i) asked for, but presumably has not received, medical care he deems appropriate and (ii) received medication that he feels made him sick or did nothing are insufficient to state an Eighth Amendment claim on which relief may be granted. Accordingly, the Complaint should be dismissed without prejudice. I so recommend.

## CONCLUSION

For the reasons set forth above, I recommend that the Complaint be DISMISSED without prejudice. Accordingly, I further recommend that Plaintiff's instant motion to proceed *in forma pauperis* be DENIED at this time.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
October 19, 2010